Freddy Daniel Lopez Lopez,
Petitioner,

v.

MDC Guaynabo
Warden / Associate Warden

Case No- 8:16-CR-241-T-27JSS

Judge: James D. Whittemore

## Emergency Motion for Hebeas Corpus Per U.S.C § 2241

I pray that this motion be liberally construed and held to a less stringent standard than those drafted by attorney's. Haines v. Kerner, 404 U.S. 519, 520, 30 L.Ed 2d 652, 92 S.Ct 594 (1971). See also Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990).

### Background:

I was convicted of a non-disqualifying charge per First Step Act, with a projected release date of 11-24-2024. I have earned a substantial amount of the First step Act Earned time credits 18 U.S.C § 3624 (a)(4) through successful completion of Evidence Based Recidivism Reduction (EBRR) and Productive Activities (PA) which ensures my new projected release date.

### Relevant Facts and Claims:

I respectfully request this honorable Court to enter a judicial recommendation with an order for the BOP to

immediately update my status to "eligible" as the BoP falsely classifies me as "ineligible" and to order the BoP to apply my Earned time credits per First Step Act towards my supervised release which would update my projected release date to account for my programs days. I am also stating that attempting to exhaust administrative remedies would be futile based on BoP's wrongful construction of the legislation and false classification as a result. At such, this motion is ripe for review. See Pihl v. Mass Dep't of Educ, 9 F.3d 184, 190 (1st Cir. 1993) See also Moody v. Gubbiotti, 2022 U.S. Dist. Lexis 181399 (3rd Cir. 2022).

The Supreme Court recognizes three broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion. McCarthy v. Madigan, 503 U.S. 140, 117 L.Ed 291, 112 S.ct. 1081 (1992) at 144-45, See also Campbell v. Chadbourne, 505 F.Supp. 2d 191, 2007 U.S Dist. Lexis 65150 (D. Mass. 2007) 197-198.

They include:

(1) Where such requirement would subject in individual to an unreasonable or indefinite timeframe for admin action.

(2) Where admin agency lacks the competence to resolve the particular issue presented, or

(3) The exhaustion of admin remedies would be futile because the admin body is shown to be biased or has predetermined the issue before it. Shurney v. I.N.S., 201 F. Supp. 2d 783, 789 (N.D. Ohio 2001) (citing McCarthy v. Madigan, 503 U.S. at 146-48) Here in this instant emergency case, all three circumstances apply.

### Standards:

Federal Rules of Civil procedure 56 states, as to a party who has moved for summary judgement. "The Court shall grant summary judgement if the Movant shows there is no genuie dispute as to any Material fact and the Movant is entitled to judgement as a matter of law."

### Merits of First Step Earned time Credits:

I have earned a substantial amount of "First Step Act" (FSA) "Earned time credit" (ETC), both programs that should have ensured my projected release date is updated to a new date but as at the time of this filing of this motion, my status wrongly states "ineligible" which is a false

Classification by the BoP and my projected release date also remains unchanged.

It has been 4 years since the enactment of the FSA legislation and the Bop began applying these FSA ETC since January 2022 and ought to have applied my ETC towards my release date but the Bureau of prisons (BoP) has been fraudulent with the handling of these credits.

By the plain text of the 2018 First Step Act legislation, my status should say eligible for early release and the Bop's wrong construction here is a violation of my constitutional right. Based on recent court ruling regarding this subject, it is a well-established fact that there is nothing whatsoever in the FSA legislation that supports the Bop's claim. Although i have a detainer with ICE, i however is not a subject of a final deportation order. The only criteria the legislation precludes are certain charges which i was not convicted of. By the plain text of the statute, i am eligible for application of the FSA Earned time credits towards early transfer to supervised release. The Bop's construction of this legislation is a best incongruous and at worst, legerdemain.

Both Equal protection and due process emphasizes the central aim of our judicial system - all people charged with a crime must, so far as the law is concerned,

"Stand on equality before the bar of justice." Chambers v. Florida, 309 U.S 227, 241 84 L.Ed 716, 60 S.Ct 472. See also Yick Wo v. Hopkins, 118 U.S 356, 369, 30 L.Ed 220, 226, 6 S.Ct 1064. 42 U.S.C §§ 1981 and 1985(3) of the constitution ensures that All persons within the jurisdiction of the United States shall have the same right and to the full and equal benefit of all laws and shall be subject to like punishment, pain, penalties, exactions of every kind and to no other.

Deprivation of my ETC does not comport with fundamental fairness, is discriminative, brings about an unwarrented disparity and violates my due process right as the Bop is enforcing a viod order of removal which i do not possess, thereby violating my due process rights.

The Bop's fraudulent handling of the FSA legislation violates my liberty interest. A court that recently ruled on this subject ruled that an inmate with a detainer is not ineligible under 18 U.S.C § 3632 (d)(4)(E)(i) or (ii) from receiving or earning FSA time credits because he is not subject to a final order of removal, granting immediate release. See 2023 U.S. Dist. Lexis 6938 (W.D. Wash. Jan 13, 2023) Sierra v. Jacquez, Case No. 2:22-cv-01509 U.S. Dist. Lexis 234535 (W.D. Wash. Dec 27, 2022). The court's ruling is not an isolated ruling as the 1st Circuit also recently orderd that the defendant in the district Jerry Komando be creditted

with his earned time credit.

It is well established that the Bop has demonstrated Bad faith by its handling of the FSA and based on this fact, i humbly request this Court enter an order for the Bop to immediately apply my Earned time credit to reflect on my projected release date and also to re-evaluate any additional time i may earn within the next 60 days. This is not an isolated request based on my impending and imminent release upon the application of my ETC. See Stewart v. Snider, 2022 U.S. Dist. Lexis 100482 1-2 (11th Cir. June 6, 2022) (Court ordering Bop to apply Petitioner's ETC and re-evaluate his ETC at a 60day interval until his release).

I will also state on the record that the Bop in a attemp to further delay the application of credits may request for extention of time to respond and i pray the Court deny such a request.

### Conclusion:

Based on the foregoing, i respectfully submit that the court grant this emergency motion under 28 U.S.C § 2241 in the interest of justice and fairness.

Respectfully Submitted

Signature: *Lopez Lopez*