UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FREDDY DANIEL LOPEZ LOPEZ,

    Petitioner,

-vs-                                                    Case No.  8:23-cv-654-CEH-JSS

MDC GUAYNABO,
WARDEN/ASSOCIATE WARDEN,

    Respondent.
_____/

## ORDER

    Petitioner is a federal prisoner serving a sentence imposed in Case No. 8:16-cr-241-JDW-JSS (M.D.Fla.). He filed a petition for the writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) challenging the Federal Bureau of Prisons' determination of his eligibility for, and calculation of, earned time credits under the First Step Act of 2018. "A § 2241 petition is the proper vehicle to challenge the calculation of earned time credits. . . ." *Brown v. United States*, 2023 WL 2045583, at *1 (S.D. Fla. Feb. 16, 2023).

    Petitioner, however, must file his petition for habeas corpus relief under § 2241 in the jurisdiction in which he is incarcerated. *See Rumsfeld v. Padilla,* 542 U.S. 426, 443 (2004) (explaining jurisdiction for § 2241 petitions lies only in the district of confinement); *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section

1

2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated."). Accordingly, the petition for the writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice to Petitioner refiling it in the federal district court having jurisdiction over MDC Guaynabo in Puerto Rico, the institution where Petitioner is confined. The Clerk is directed to close this case.[1]

      **ORDERED** in Tampa, Florida, on March 27, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copy to: Petitioner, *pro se*

---

[1] Because Petitioner is a federal prisoner proceeding under § 2241, he is not required to seek a certificate of appealability before filing an appeal. *See Sawyer v. Holder*, 326 F.3d 1363, 1364 n. 3 (11th Cir.2003).